

**ORDERED in the Southern District of Florida on September 10, 2013.**

Erik P. Kimball, Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

In re:                                          Case No. 12-16599-EPK

KAREN A. MILICH,                                Chapter 7

    Debtor.

_____/

PAUL WHITE and
GERIANN WHITE,

    Plaintiffs,

v.                                              Adv. No. 12-1438-EPK

KAREN A. MILICH,

    Defendant.

_____/

**ORDER ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

THIS MATTER came before the Court upon the *Plaintiffs' Motion for Summary Final Judgment and Incorporated Memorandum of Law* (the "Motion") [ECF No. 29] filed by Paul White and Gerianne White (the "Plaintiffs").

The Court has considered the Motion, the *Complaint Objecting to Dischargeability of Debt* [ECF No. 1] (the "Complaint") filed by the Plaintiffs, the *Joint Stipulation of Facts for Plaintiffs' Motion for Summary Final Judgment and Incorporated Memorandum of Law* [ECF No. 39]; the *Defendant's, Karen A. Milich, Response to Plaintiffs', Paul White and Geriann White, Motion for Final Summary Judgment and Incorporated Memorandum of Law* [ECF No. 40] filed by Karen A. Milich (the "Defendant"), and the *Plaintiffs' Reply in Opposition to Defendant's Response to Plaintiffs' Motion for Final Summary Judgment* [ECF No. 41] (the "Reply") filed by the Plaintiffs, and is otherwise fully advised in the premises.

For the reasons set forth below, the Court will grant the Motion in part, denying only the Plaintiffs' request for attorney's fees and costs in connection with this adversary proceeding, and enter final judgment in favor of the Plaintiffs.

I.   <u>Background</u>

On March 19, 2012, the Defendant filed a voluntary petition for relief under chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*

Several years prior to commencement of this bankruptcy case, the Plaintiffs filed their *Fourth Amended Complaint* [ECF No. 1-1] (the "State Court Complaint") against the Defendant and her husband, Jay Milich, in a case styled *Paul White and Geriann White vs. Jay Milich and Karen Milich*, Case No. 09-CA-008146-XXXX-MB AN (the "State Court Action"), in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida (the "State Court").   In the State Court Complaint, the Plaintiffs alleged that the Defendant committed fraud, conversion, and civil theft in connection with a Florida real property investment, wrongfully obtaining from the Plaintiffs the sum of $275,542.76.  Among other things, the Plaintiffs sought treble damages in the amount of

$826,628.28 under Florida's civil theft statute, § 772.11, Fla. Stat., plus attorney's fees and costs.

On May 29, 2012, this Court entered its *Order Granting Whites' Relief from Stay* [Case No. 12-16599-EPK, ECF No. 23], authorizing the Plaintiffs to proceed with the State Court Action.

On June 5, 2012, the Plaintiffs filed the present Complaint against the Defendant. In the Complaint, the Plaintiffs seek a judgment under §§ 523(a)(2)(A) and (a)(4)[1] determining that the debt established in the State Court Action is excepted from discharge in the Defendant's chapter 7 case.

On April 22 and 23, 2013, the State Court Action was tried before a jury. On April 23, 2013, the jury returned its *Verdict* [ECF No. 29, pp. 10-12] finding the Defendant liable for fraud, conversion, and civil theft. In the Verdict, the jury found, among other things: (a) that the Defendant made a fraudulent misrepresentation to the Plaintiffs, (b) that the Defendant converted the Plaintiffs' property, and (c) clear and convincing evidence that the Defendant, with criminal intent, obtained or used the Plaintiffs' property. The jury did not find clear and convincing evidence of intentional misconduct or gross negligence on the part the Defendant.

Consistent with the Verdict, the State Court entered its *Final Judgment for Plaintiffs* [ECF No. 29, pp. 13-14] (the "State Court Judgment") awarding the Plaintiffs treble damages of $826,628.28[2], plus pre-judgment interest of $146,664.11, for a total of

---

[1] Unless otherwise indicated, the word "section" and the symbol "§" refer to the relevant provision or provisions of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*

[2] Florida's civil theft statute provides for an award of treble damages when it is shown by clear and convincing evidence that a defendant violated any of several indicated statutory provisions. § 772.11(1), Fla. Stat. Neither the Verdict nor the State Court Judgment cites the predicate statutory violation on which the treble damages award is based. However, the jury instructions on the claim of civil theft make it clear that the jury's finding on civil theft and the State Court award of treble damages were based on § 812.014, Fla. Stat. The relevant jury instruction reads as follows:

$973,292.39, against the Defendant and Jay Milich, jointly and severally.  The State Court
also awarded post-judgment interest pursuant to § 55.03(3), Fla. Stat., and further provided
that the Plaintiffs are entitled to recover their reasonable attorney's fees and costs
pursuant to § 772.11, Fla. Stat., retaining jurisdiction to determine the amount thereof.

II.    <u>Summary Judgment Standard</u>

Federal Rule of Civil Procedure 56(a), made applicable to this matter by Federal
Rule of Bankruptcy Procedure 7056, provides that "[t]he court shall grant summary
judgment if the movant shows that there is no genuine dispute as to any material fact and
the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex
Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,
247-48 (1986). The moving party bears the burden of meeting this standard. *Imaging Bus.
Machs., LLC v. BancTec, Inc.*, 459 F.3d 1186, 1192 (11th Cir. 2006). "An issue of fact is
'material' if it is a legal element of the claim under the applicable substantive law which
might affect the outcome of the case." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th
Cir. 1997). In considering a motion for summary judgment, the Court must construe all
facts and draw all reasonable inferences in the light most favorable to the non-moving
party. *HCA Health Services of Ga., Inc. v. Employers Health Ins. Co.*, 240 F.3d 982, 991
(11th Cir. 2001).

III.    <u>Analysis</u>

Collateral estoppel applies in this case as to the State Court Judgment.  The debt

---

Whether either or both of the Milichs obtained or used the property of the Whites
with criminal intent; that is, with the intent to deprive the Whites, either
temporarily or permanently, of a right to the property or a benefit from it, or to
appropriate, either temporarily or permanently, the property to the use of any person
not entitled to it; and, if so, whether either or both of the Milichs' actions were a legal
cause of the loss or damage to the Whites.

ECF No. 41, p. 4.

represented by the State Court Judgment is a debt for actual fraud within the meaning of §
523(a)(2)(A) and also a debt for larceny within the meaning of § 523(a)(4).  Accordingly, the
obligations of the Defendant under the State Court Judgment are not subject to discharge
in the Defendant's chapter 7 case.

"[C]ollateral estoppel principles . . . apply in discharge exception proceedings
pursuant to § 523(a)." *Grogan v. Garner*, 498 U.S. 279, 285 n.11 (1991).  "A bankruptcy
court may rely on collateral estoppel to reach conclusions about certain facts, foreclose
relitigation of those facts, and then consider those facts as evidence of nondischargeability."
*Thomas v. Loveless (In re Thomas)*, 288 Fed. Appx. 547, 548 (11th Cir. 2008) (internal
quotation marks omitted).  "Collateral estoppel, or issue preclusion, bars relitigation of an
issue previously decided in judicial or administrative proceedings if the party against whom
the prior decision is asserted had a 'full and fair opportunity' to litigate that issue in an
earlier case." *St. Laurent v. Ambrose (In re St. Laurent)*, 991 F.2d 672, 675 (11th Cir. 1993).

Because the State Court Judgment was entered by a Florida court, Florida collateral
estoppel law applies. *In re St. Laurent*, 991 F.2d at 676.  Under Florida law, for the State
Court Judgment to have preclusive effect, four elements must be satisfied:

> (1) The issue at stake must be identical to the one decided in the prior
> litigation;
> (2) The issue must have been actually litigated in the prior proceeding;
> (3) The prior determination of the issue must have been a critical and
> necessary part of the judgment in that earlier decision; and
> (4) The standard of proof in the prior action must have been at least as
> stringent as the standard of proof in the present case

*Id*.

Under § 523(a)(2)(A) a debt for money or property obtained by "false pretenses, a
false representation, or actual fraud" is excepted from discharge.  In order to establish non-
dischargeability pursuant to § 523(a)(2)(A), the Plaintiffs must prove "the traditional
elements of common law fraud." *Sec. Exch. Comm'n v. Bilzerian (In re Bilzerian)*, 153 F.3d

1278, 1281 (11th Cir. 1998).  The Plaintiffs must prove that: "(1) the [Defendant] made a false representation [intended] to deceive the [Plaintiffs], (2) the [Plaintiffs] relied on the misrepresentation, (3) the reliance was justified, and (4) the [Plaintiffs] sustained a loss as a result of the misrepresentation." *In re Bilzerian*, 153 F.3d at 1281.  A misrepresentation made with the intent to deceive is the "cornerstone element in a Section 523(a)(2)(A) nondischargeability proceeding . . . ." *Kaplus v. Lorenzo (In re Lorenzo)*, 434 B.R. 695, 708 (Bankr. M.D. Fla. 2010).

Under § 523(a)(4) a debt "for . . . larceny" is excepted from discharge.  "Larceny constitutes the fraudulent taking of another's property with the intent to convert it without the other's consent." *In re Lorenzo*, 434 B.R. at 710 (internal citation omitted).

The first step in the Court's collateral estoppel analysis is to determine whether the issues addressed in the present action, under §§ 523(a)(2)(A) and (a)(4), are sufficiently identical to those addressed in the State Court Judgment.  The Plaintiff argues that the State Court's rulings on the theories of fraud and civil theft are sufficiently identical to the fraud and larceny claims in this case to support collateral estoppel.

The State Court found the Defendant liable to the Plaintiffs under a theory of common law fraud.  "[T]he elements of common law fraud in Florida closely mirror the requirements of section 523(a)(2)(A) and, hence, are sufficiently identical . . . to meet the first prong of the test for collateral estoppel." *In re St. Laurent*, 991 F.2d at 676 (internal quotation marks omitted).

The Defendant argues that because the State Court did not rule in favor of the Plaintiffs on the issue of intentional misconduct that the Plaintiffs did not prove intentional false misrepresentation in the State Court matter and so the State Court Judgment cannot have preclusive effect under § 523(a)(2)(A).  To the contrary, the failure of the State Court to find intentional misconduct has no impact on the State Court's separate finding that the

Defendant intentionally defrauded the Plaintiffs.  This is because intentional misconduct –

an intentional act with knowledge of its wrongfulness and that injury is likely to result[3] – is

not an element of common law fraud.  *See In re St. Laurent*, 991 F.2d at 676 ("To prove

fraud under Florida law, a plaintiff must establish that the defendant made a deliberate

and knowing misrepresentation designed to cause, and actually causing detrimental

reliance by the plaintiff.") (internal quotation marks omitted)).  In a Florida civil action for

fraud a finding of intentional misconduct is required only if punitive damages are sought.

*See* § 768.72(2) ("A defendant may be held liable for punitive damages only if the trier of

fact, based on clear and convincing evidence, finds that the defendant was personally guilty

of intentional misconduct or gross negligence .").  The State Court specifically found the

Defendant liable for fraud, that claim is identical to the claim presented under §

523(a)(2)(A) in this case, and so the first element of collateral estoppel is met on this

component of the Plaintiffs' claim.

The State Court also ruled in favor of the Plaintiffs on a claim of civil theft under §

772.11, Fla. Stat.  That claim, as well, is sufficiently identical to the Plaintiffs' larceny

claim in this case under § 523(a)(4) to satisfy the first element of collateral estoppel. *See In

re Padgett*, 235 B.R. 660, 663 (Bankr. M.D. Fla. 1999).

Again, the Defendant argues that the State Court jury's failure to find intentional

misconduct on the part of the Defendant means that the State Court failed to find the

Defendant acted with felonious intent to convert the Plaintiffs' property without consent

and that the actions are thus not identical for purposes of collateral estoppel.  As with the

fraud claim, the State Court's independent finding of civil theft belies this argument.  The

---

[3] Under Florida law, intentional misconduct "means that the defendant had actual knowledge of the
wrongfulness of the conduct and the high probability that injury or damage to the claimant would
result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury
or damage."  § 768.72(2)(a), Fla. Stat.

fact that the State Court did not find intentional misconduct on the part of the Defendant means only that the Plaintiffs were not entitled to punitive damages. The State Court specifically found that the Defendant acted with criminal intent when she obtained the Plaintiffs' property. The claim of civil theft addressed in the State Court case is identical to the claim of larceny presented here. The first element of collateral estoppel is met with regard to this component of the Plaintiffs' claim.

The issues of common law fraud and civil theft were actually litigated in the State Court. The State Court made specific findings on the Plaintiffs' fraud and civil theft claims against the Defendant and such findings were necessary and critical to entry of the State Court Judgment against the Defendant on each cause of action. The second and third elements of collateral estoppel are met.

Finally, the burden of proof in the State Court action was at least as stringent as the burden of proof in the instant case. In this case, the Plaintiffs must satisfy the "ordinary preponderance-of-the-evidence standard." *Grogan*, 498 U.S. at 291. Under Florida law, a claim of civil theft must be proven by clear and convincing evidence. § 772.11(1), Fla. Stat. Common law fraud in Florida must be proven by a preponderance of the evidence. See *Wieczoreck v. H & H Builders, Inc.*, 475 So.2d 227, 228 (Fla. 1985). The final element of collateral estoppel is thus satisfied.

Consequently, the State Court Judgment is entitled to collateral estoppel effect in this action. There remain no material facts in dispute and the Plaintiffs are entitled to judgment as a matter of law.

The Plaintiffs seek a finding that the attorney's fees and costs incurred in the State Court Action, as well as the attorney's fees and costs incurred in the instant adversary proceeding, are excepted from the Defendant's discharge. While the Plaintiffs are entitled to attorney's fees and costs in the State Court Action, and such fees and costs are excepted

from the Defendant's discharge along with damages awarded in the State Court Judgment, the Plaintiffs are not entitled to fees and costs in this adversary proceeding.

Under § 523(a)(2)(A), a debt resulting from actual fraud "encompasses any liability arising from money, property, etc., that is fraudulently obtained, including treble damages, attorney's fees, and other relief that may exceed the value obtained by the debtor." *Cohen v. De La Cruz*, 523 U.S. 213, 223 (1998).  The same result applies to a debt resulting from larceny under § 772.11, Fla. Stat. that is excepted from discharge under § 523(a)(4). *See In re Padgett*, 235 B.R. at 664.  Therefore, the full amount of the State Court Judgment, including interest and additional attorney's fees and costs that subsequently may be awarded by the State Court relating to the State Court Judgment, are excepted from discharge in the Defendant's chapter 7 case.

The same is not true for attorney's fees and costs incurred by the Plaintiffs in the instant adversary proceeding.  In this case, the Plaintiffs do not ask this Court to determine the Defendants' liability under state law, but only whether the liability determined by the State Court is excepted from discharge.  The Plaintiffs thus do not have the benefit of state law addressing the award of attorney's fees and costs.  *See In re Atchison*. 255 B.R. 790, 792-93 (Bankr. M.D. Fla. 2000).  The Plaintiffs do not point to, and the Court is not aware of, any independent statutory or contractual basis for such an award.  The Court will not award any attorney's fees or costs in connection with the present adversary proceeding.

V. <u>Conclusion</u>

For the foregoing reasons, the Motion [ECF No. 29] is GRANTED in part.  The debt represented by the State Court Judgment, including post-judgment interest and including any subsequent award of attorney's fees and costs in that case by the State Court, shall not be discharged in the Defendant's chapter 7 case pursuant to §§ 523(a)(2)(A) and (a)(4).  The Motion is DENIED only to the extent the Plaintiffs shall not receive attorney's fees or costs

in connection with the instant adversary proceeding.  The Court will enter a separate final judgment in favor of the Plaintiffs.

### # # #

Copies To:

Richard F. Hussey, Esq.

*Richard F. Hussey, Esq. is directed to serve a copy of this Order upon all appropriate parties and to file a certificate of service with the Court.*